UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE FREE METHODIST CHURCH OF NORTH AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 1:03-cv-2003-DFH-WTL |
| ROLAND HAYES, JOHN LEWIS PATE, THE BENEFIT MARKETING GROUP, INC., ASSOCIATION INSURANCE ADMINISTRATORS, and TOM YOUNG, | ) ) ) ) ) | |
| Defendants. | ) | |

ENTRY ON DEFENDANT NEELEY'S MOTION TO DISMISS CROSS-CLAIM

This case is now before the court on the motion of defendant Wayne Neeley to dismiss for failure to state a claim for relief a cross-claim filed against him by defendant Kansas City Life Insurance Company (KCL).  For the reasons explained below, the motion to dismiss is denied, and KCL's motion to strike portions of Neeley's reply brief is granted.

The case as a whole presents a dispute over liability for a health insurance plan established by plaintiff Free Methodist Church of North America.  Pursuant to a contract between KCL and the church, KCL was a third-party plan administrator for the plan.  The plan found itself unable to play legitimate claims for benefits in December 2002.  This litigation followed.  Defendant Wayne Neeley

was a church executive who was the administrator of the plan.  The church alleges that Neeley selected defendant Roland Hayes to assist in managing the plan, and Hayes is a convicted felon who was put in charge of the plan assets. KCL alleges that Neeley knew that Hayes had a prior federal felony conviction for misappropriation of funds and still put Hayes in control of plan assets.  When the plan was unable to pay its obligations, KCL incurred additional costs to defend itself in litigation and regulatory actions.[1]

KCL has filed a cross-claim against Neeley alleging that he was negligent in carrying out his responsibilities as plan administrator, and especially in selecting Hayes to handle plan assets and failing to supervise him adequately.  KCL also alleges in the alternative that Neeley is personally responsible under the applicable contract with KCL if, as the church alleges, Neeley did not have authority to contract with KCL on behalf of the church.

Neeley has moved to dismiss KCL's cross-claim.  His principal argument is that he cannot be held individually responsible in tort for alleged wrongs that amount to no more than claims for breach of contract resulting in economic harm. Neeley argues that KCL alleges that he acted only as an agent for the church and that parties to a contract in such relationships cannot hold individual agents of the other party liable in tort for wrongs that are merely breaches of contract.

---

[1]The court entered a default judgment against Hayes on December 20, 2004, in the sum of $1,266,525.67.

Neeley also contends he cannot be liable under the contract since he acted only as an agent of the church.

I.    *The Authority Issue and KCL's Alternative Theory*

The court must deny Neeley's motion to dismiss because of KCL's alternative theory of liability.  The church itself has filed a pleading denying that Neeley had authority to enter into the contract with KCL.  That denial is not consistent with KCL's theory of the case, which is that it had a valid contract with the church.  In light of the church's denial of Neeley's authority, however, KCL is entitled to try to protect itself by alleging as an alternative theory against Neeley that he is individually liable for any breach of the contract.

The contract in question provides that Missouri law governs its interpretation.  Missouri follows the well established principle that when a person claims to be acting as an agent on behalf of a disclosed principal and appears to make a promise on behalf of the principal, but in fact did not have authority to do so, the purported agent is personally liable for the obligation.  *Robinson v. Pattee*, 222 S.W.2d 786, 788 (Mo. 1949); *Coffman v. Harrison*, 24 Mo. 524, 524 (1857); *Husky Industries, Inc. v. Craig Industries, Inc.*, 618 S.W.2d 458, 461 (Mo. App. 1981).  Indiana law appears to be similar on this point.  See *Lewis v. Reed*, 11 Ind. 239 (1858); accord, *e.g.*, *Clark v. Maddux*, 454 N.E.2d 1179,1181 (Ill. App. 1983) (under Illinois law, it is "is clear that an agent making a contract which he has no

authority to make binds himself personally according to the terms of the contract").

KCL has asserted a claim against the church for breach of the contract signed by Neeley, apparently on behalf of the church.  The church has responded by denying, among other points, that Neeley had authority to sign the contract for the church.  Under these circumstances, then, it is understandable that KCL has asserted in the alternative a claim against Neeley as an individual for breach of the contract.

Neeley did not address this alternative theory in his opening brief.  His reply brief argues (a) that the court must disregard the church's denial of Neeley's authority, and (b) that the court should consider an affidavit and exhibits from him showing that he did have authority to enter into the contract.  Neither argument is persuasive.

In arguing that the court must disregard the church's denial of Neeley's authority, Neeley relies on the general rule that a motion to dismiss requires the court to consider only the pleading of the challenged claim (including attached documents).  *E.g.*, *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).  Neeley contends that the factual allegations in KCL's cross-claim against him say nothing about any lack of authority.  Neeley's argument runs into two snags here.  First, the assertion of lack of authority is not inconsistent with the factual allegations

in KCL's cross-claim, and a party is free to respond to a motion to dismiss by hypothesizing additional facts, so long as they are not inconsistent with the pleading.  *E.g.*, *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (reversing dismissal).  Second, the Federal Rules of Civil Procedure plainly authorize pleading in the alternative.  See Fed. R. Civ. P. 8(e) (allowing pleading in alternative) and 8(f) ("All pleadings shall be so construed as to do substantial justice.").  KCL is free to pursue the church itself on the breach of contract claim while reserving its right to seek to hold Neeley responsible if the church prevails on the lack of authority defense.

The court could not consider Neeley's affidavit and exhibits without converting his motion to dismiss into a motion for summary judgment.  See Fed. R. Civ. P. 12(b).  Such a motion would seek a declaration as a matter of law that Neeley had authority from the church to sign the contract with KCL.  Yet Neeley's motion was not directed at the church.  The court could not fairly decide the issue of his authority without giving the church an opportunity to participate.  Neeley's motion against only KCL failed to provide that opportunity.  Accordingly, the court declines to convert Neeley's motion to a motion for summary judgment.  The court grants KCL's motion to strike Neeley's affidavit and attached exhibits submitted with his reply brief, and section II-C of his reply brief, but denies the motion to the extent it addresses other argument portions of the reply brief.[2]

_____

[2]The court is not persuaded by Neeley's suggestion that KCL cannot refer to the church's answer to KCL's counterclaim (which denies Neeley's authority to (continued...)

II.   *Potential Tort Liability*

The foregoing discussion is sufficient to deny Neeley's motion to dismiss. The principal focus of the briefing by KCL and Neeley, however, has been a vigorous debate as to whether Neeley could be held liable for any torts against KCL, or whether KCL would be limited to breach of contract remedies against Neeley's principal, the church itself.  Neeley relies on a recent Indiana Supreme Court decision, *Greg Allen Construction Co. v. Estelle*, 798 N.E.2d 171 (Ind. 2003), which held that homeowners who contracted with a construction company were not entitled to recover damages in tort from the principal of the construction company on the theory that the construction work had been performed negligently.  The Indiana Supreme Court reviewed the boundaries between tort and contract law and concluded:  "The rule of law is that a party to a contract or its agent may be liable in tort to the other party for damages from negligence that would actionable if there were no contract, but not otherwise." 798 N.E.2d at 175.

If Neeley was in fact authorized to execute the contract on behalf of the church, this principle of law could apply here, making it at least very difficult for KCL to recover from Neeley as an individual.  Very difficult, or impossible?  It is well settled that Rule 12(b)(6) authorizes dismissal of a claim only if "it is clear

---

[2](...continued)
contract with KCL) without converting the motion to dismiss into a motion for summary judgment. KCL is entitled to point to other parties' pleadings in opposing dismissal under Rule 12(b)(6) without risking conversion to a full-blown motion for summary judgment.

that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997).  This standard gives effect to the liberal notice pleading philosophy that underlies the Federal Rules of Civil Procedure.

The Seventh Circuit has repeatedly cautioned district judges not to be too quick to grant dismissals based on pleadings.  *E.g.*, *Scott v. City of Chicago*, 195 F.3d 950, 951-52 (7th Cir. 1999) (reversing dismissal); *Cook v. Winfrey*, 141 F.3d 322, 328 (7th Cir. 1998) (reversing in part a dismissal and noting that defendant's and district court's "entire argument strays rather far afield from the minimal requirements of federal notice pleading"); *Jackson v. Marion County*, 66 F.3d 151, 154 (7th Cir. 1995) (reversing dismissal).

In *Chavez v. Illinois State Police*, 251 F.3d 612, 650 (7th Cir. 2001), the court showed how difficult it can be for a dismissal to survive appeal.  The court pointed out that when it reviews such a dismissal on appeal, "we will consider new factual allegations raised for the first time on appeal provided they are consistent with the complaint."  *Id.* at 650, quoting *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 861 (7th Cir. 1999) (reversing dismissal), quoting in turn *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439 (7th Cir. 1994) (also reversing dismissal); see also *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th

Cir. 1997) (plaintiff opposing dismissal may supplement the complaint with factual narration in an affidavit or brief).

In light of these standards, it is worth recalling that *Greg Allen Construction* was decided after a full trial, as the Court of Appeals noted in the decision reversed by the Indiana Supreme Court. See 762 N.E.2d 760, 769. Also, even if the court dismissed KCL's tort claims against Neeley at this stage, all or nearly all of the same evidence would still need to be presented at trial on the breach of contract claim against the church and on other claims among other parties. At this stage, the court cannot say based only on the pleadings, and new factual allegations that might be offered for the first time even on appeal, that there is absolutely no chance that KCL might be able to establish tort liability on the part of Neeley.

Accordingly, Neeley's motion to dismiss the cross-claim of KCL is hereby denied.

So ordered.

Date: November 8, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Abigail B. Cella
ICE MILLER

abby.cella@icemiller.com

Jason R. Delk
ICE MILLER
jason.delk@icemiller.com

James R. Fisher
ICE MILLER
james.fisher@icemiller.com

Philip John Gutwein II
BAKER & DANIELS
philip.gutwein@bakerd.com

Scott D. Himsel
BAKER & DANIELS
sdhimsel@bakerd.com

Edward E. Hollis
BAKER & DANIELS
eehollis@bakerd.com

Alan J. Irvin
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
alan@hfmfm.com

Bart A. Karwath
BARNES & THORNBURG LLP
bart.karwath@btlaw.com

James D. Kemper
ICE MILLER
james.kemper@icemiller.com

Keith Allen Kinney
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
keith@hfmfm.com

Michael Joseph Lewinski
ICE MILLER
michael.lewinski@icemiller.com

Michael T. McNally
ICE MILLER
mcnally@icemiller.com

Debra H. Miller
ICE MILLER
miller@icemiller.com

Frederick M. Reinecke
BOEHL STOPHER & GRAVES, LLP
reinecke@bsg-in.com

Emily Dawn Smith
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
emily@hfmfm.com

TOM YOUNG
5240 Royal Oak Drive
Fruitland Park, FL 34731

ROLAND HAYES
P. O. Box 500
Townsend, TN 37882